**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall Harris, a single man,<br><br>Plaintiff,<br><br>v.<br><br>Branch Management Tree Service, LLC, an Arizona corporation, et al.,<br><br>Defendants. | No. CV14-0658 PHX-DGC<br><br>**ORDER** |

Plaintiff's counsel filed a motion to withdraw. Doc. 6. In response to the motion, the Court set a hearing on May 7, 2014. Doc. 7. The Court specifically ordered that Plaintiff Randall Harris "shall appear in person at the hearing." *Id*. Plaintiff did not appear at the hearing. Plaintiff's counsel did appear, and explained that he had been unable to communicate with Plaintiff. Counsel stated that Plaintiff's telephone has been disconnected and letters mailed to Plaintiff's address, including those sent by certified mail, have been returned unopened. Counsel even stated that he performed a skip trace to try to locate Plaintiff, but was unsuccessful.

The Court granted counsel's motion to withdraw. Because Plaintiff failed to appear at the hearing as ordered and does not have a telephone number or address at which the Court may contact him, the Court concludes that this case must be dismissed without prejudice.

The Court has inherent power to dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962). "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the District Courts." *Id.* In determining whether dismissal is warranted, the Court must weigh five factors: the public's interest in expeditious resolution of the litigation, the Court's need to manage its docket, the risk of prejudice to the defendant, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Balancing these factors, the Court concludes that dismissal without prejudice is warranted. This case cannot be resolved expeditiously, and the Court cannot manage its docket with respect to this case, without Plaintiff's participation or any means of contacting him. Defendant will be prejudiced if this case remains pending with Plaintiff unrepresented and incommunicado. Although public policy clearly favors disposition on the merits, Plaintiff's failure to appear at the hearing and failure to inform counsel of his location make disposition on the merits impossible. The Court has considered alternative measures, but can find none that seems effective. An order to show cause why dismissal is not warranted or an order imposing lesser sanctions "would only find itself taking a round trip tour through the United States mail." *Id.* at 1441. The Court finds that the least drastic response to Plaintiff's failure to appear at the hearing and failure to provide information where he may be contacted is dismissal without prejudice.

**IT IS ORDED THAT** that this case is **dismissed without prejudice**. The clerk is directed to **terminate** this matter.

Dated this 8th day of May, 2014.

_____
David G. Campbell
United States District Judge